UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL CASE NUMBER: |
| v. | : | |
| | : | 3:18-mj-00042-DFM-1 |
| AMBER FOLEY, | : | |
| *Defendant.* | : | January 22, 2018 |

## MOTION TO
## MODIFY CONDITIONS OF RELEASE

Amber Foley respectfully moves to modify the conditions of her release to allow her to have weekly, one-hour, DCF-sponsored, supervised visits with her daughter. Ms. Foley appeared before this Court for a bond hearing on Friday afternoon. ECF No. 9 (Min. Entry). At that time, the Court released Ms. Foley on home confinement with numerous other standard and special conditions of release. Prior to her arrest in this matter and at the direction of DCF, Ms. Foley was partaking in weekly, one-hour, supervised visits with her children, one of whom is a named victim in this case. At the bond hearing, the Court ruled that Ms. Foley could not have any contact with her daughter pursuant to 18 U.S.C. § 3142(c)(v) and ordered counsel to file a motion should their research yield further clarification on this issue.

The mandatory bail conditions at issue were added pursuant to the Adam Walsh Act. H.R. 4472, Pub. L. 109-248, 10 Stat. 587 (July 27, 2006) (codified in relevant part at 18 U.S.C. § 3142(c)(1)(B)). Since that time, numerous district court have ruled that the mandatory nature of these conditions violates the Due Process and Excessive Bail Clauses. *See*, *e.g.*, *United States v. Karper*, 847 F. Supp.2d 350, 358 (N.D.N.Y. 2011) (striking down the curfew provision of the Adam Walsh Act); *United States v. Polouizzi*, 697 F. Supp.2d 381, 395 (E.D.N.Y. 2010) (holding the Adam Walsh electronic monitoring requirement unconstitutional as applied to that case);

*United States v. Torres*, 566 F. Supp.2d 591, 596 (W.D. Tex. 2008) ("The Court finds that the procedures contained in the Adam Walsh Amendments to the Bail Reform Act, as set out in the final undesignated paragraph of § 3142(c)(1)(B), violate the Due Process Clause of the Fifth Amendment."). Specifically, the legality of the specific no-contact provision at issue in Ms. Foley's case has been held unconstitutional. *See United States v. Arzberger*, 592 F. Supp.2d 590, 604 (S.D.N.Y. 2008) ("Accordingly, the Adam Walsh Amendments are facially unconstitutional to the extent that they automatically require the imposition of a no-contact condition, and the Government's request that such a condition be required here is denied."). Notably, the defendant in *Arzberger* was charged with knowing receipt of child pornography, which also carries a mandatory minimum of five years. *See id*.

The *Arzberger* court explained that the conditions referenced in 18 U.S.C. § 3142(c)(1)(B) may only be imposed after the court conducts an individualized assessment of the need for them in light of each defendant's circumstances. *See id*. This Court conducted that individualized assessment at Friday's bail hearing. The unique circumstances here support allowing Ms. Foley to continue to have weekly, one-hour, DCF-sponsored, supervised visits with her daughter.

Counsel for the government, Nancy V. Gifford, has stated that the government objects to the granting of this motion.

Respectfully Submitted,

THE DEFENDANT,
Amber Foley

FEDERAL DEFENDER OFFICE

| | |
|---|---|
| Date: January 22, 2018 | /s/ Ross Thomas<br>Assistant Federal Defender<br>10 Columbus Blvd, 6th FL<br>Hartford, CT 06106<br>Phone: (860) 493-6260<br>Bar No.: phv08740<br>Email: ross_thomas@fd.org |

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on January 22, 2018, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                              /s/ Ross Thomas
                                              Ross Thomas