UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CASE NO. 3:18-MJ-042(DFM) |
| AMBER FOLEY | : | May 3, 2018 |

**GOVERNMENT'S MEMORANDUM FOR RECONSIDERATION
OF THE COURT'S ORDER GRANTING A MODIFICATION
OF THE CONDITIONS OF RELEASE**

On April 6, 2018, the Court granted the defendant's motion to modify the conditions of release to permit a one-hour, weekly visit with the Minor Victim ("MV") under the supervision of the Department of Children and Families ("DCF"). [Docket No. 37]. The Court noted that a written ruling for the decision would be forthcoming.

Recently, the parties learned new information relevant to the Court's decision. Specifically, the parties learned that visitation did not begin after the Court's order and, instead, DCF is conducting assessments before making a decision about visitation. In light of this change, the Government respectfully requests the Court to reconsider the Order granting the modification of the conditions of release. 18 U.S.C. § 3142(c) ("the judicial officer may at anytime amend the order or impose additional or different conditions of release").

## BACKGROUND

The defendant, Amber Foley, is charged by criminal complaint with the distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). The facts of the case, as detailed more fully in the criminal complaint and as outlined during the defendant's presentment and bond hearing, involve the defendant taking sexually explicit photographs of a four-year-old female and sending those photographs to men through an online dating application.

On January 18, 2018, at the bond hearing, the defendant requested a one-hour per week DCF-supervised visit with the MV. The Court noted that the statutory "no contact" provision under 18 U.S.C. § 3142(c)(1)(B)(v) is mandatory and ordered that the defendant have no contact with the MV. The Court advised that the parties could file a motion to modify the conditions of release if authority could be located to permit the Court discretion to allow visitation in accordance with the DCF schedule.

On January 22, 2018, the defendant filed a motion to amend the conditions. Thereafter the parties filed briefs outlining the constitutionality of the Adam Walsh Act's mandatory provision prohibiting contact between a defendant charged with distribution of child pornography and any victim of that offense. Underlying the briefs submitted by both parties was the premise that DCF had already made a decision to permit the defendant a one-hour weekly supervised visit with MV.

On April 6, 2018, the Court held a hearing on the motion. Again, at the hearing, the parties explained that they were in agreement that DCF authorized the visits. During the hearing, the Court noted that neither party had called a representative from DCF to testify at the hearing despite the Court's invitation to do so. The Government expressed that it had not called a representative from DCF because, based on a conversation with MV's social worker, there was no dispute that DCF authorized the one hour per week visits.

Recently, the parties learned that, after the Court's hearing, the weekly visits did not begin and that DCF is in the process of conducting an assessment before authorizing a visitation schedule.

**DISCUSSION**

In light of the recent information that DCF is conducting an assessment of the visitation issue, the Government respectfully requests the Court to reconsider its order granting the motion to modify bail. The Court's order approved visitation in accordance with what all parties believed was DCF's position – that the defendant was permitted to have a weekly supervised visit with MV for one hour. However, now that DCF is re-evaluating the defendant's visitation, the Court's order permits a visitation schedule that is not in place at DCF and may not ultimately be approved by DCF.

The Government respectfully requests the Court rescind its previous order (thus reverting back to the original no contact order) and delay issuing a written decision until the Court can be presented with the decision by DCF as to whether visitation is appropriate and, if it is, under what circumstances it will occur.

The Government submits that DCF's decision to conduct an assessment about the visitation schedule is pertinent to the Court's decision and will provide an opportunity to more fully advise the Court of the factors supporting DCF's decision. Significantly, if DCF decides visitation is not appropriate, then the issue before the Court is moot. If DCF decides visitation is appropriate, the parties will advise the Court of DCF's approved visitation schedule. The parties can then request an opportunity to supplement the briefing and/or request an additional hearing about the foundation of DCF's determination about the best interest of MV.

Finally, the Government respectfully notes that the Court's current order authorizing one hour per week of supervised visits could be perceived by DCF as a finding by this Court about the type of visitation that is appropriate in this case. Accordingly, the Government respectfully submits that a rescinding of the court's order (and a reversion to the original no contact order) is

the appropriate course until DCF's assessment is completed.

## CONCLUSION

For the reasons discussed in this memorandum, the Government respectfully requests the Court to reconsider the Order granting the defendant's motion to modify the conditions of release.

                                        Respectfully submitted,

                                        JOHN H. DURHAM
                                        UNITED STATES ATTORNEY

                                              */s/*

                                        NANCY V. GIFFORD
                                        ASSISTANT UNITED STATES ATTORNEY
                                        FEDERAL BAR NO. ct16324
                                        450 MAIN STREET, ROOM 328
                                        HARTFORD, CT 06A103
                                        (860) 874-1101
                                        Nancy.Gifford@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2018, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

                                        /s/
                                        NANCY V. GIFFORD
                                        ASSISTANT U.S. ATTORNEY