UNITED STATES OF AMERICA

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| v. | : | 3:18CR333(VLB) |
| | : | |
| AMBER FOLEY | : | |
| | : | October 15, 2019 |

**JOINT TRIAL MEMORANDUM**

The United States of America and counsel for the defendant, Amber Foley, respectfully submit this Joint Trial Memorandum.

**I.    TRIAL COUNSEL**

    **A.    Counsel for the United States**

| | |
| --- | --- |
| Nancy V. Gifford<br>Assistant United States Attorney<br>United States Attorney's Office<br>450 Main Street, Suite 328<br>Hartford, CT   6250<br>Tel. 860-947-1101<br>Nancy.Gifford@usdoj.gov | Pilar Gonzalez<br>Assistant United States Attorney<br>United States Attorney's Office<br>157 Church Street, 25th Floor<br>New Haven, Connecticut   06510<br>Tel. 203-821-3700<br>pgonzalez3@usdoj.gov |

    **B.    Counsel for Amber Foley**

| | |
| --- | --- |
| Todd Bussert, Esq.<br>Frost Bussert, LLC<br>129 Church Street<br>Suite 226<br>New Haven, CT   06510<br>Tel. 203-495-9790<br>tab@frostbussert.com | Erica Barber, Esq. (second chair)<br>Frost Bussert, LLC<br>129 Church Street<br>Suite 226<br>New Haven, CT   06510<br>Tel. 203-495-9790<br>eab@frostbussert.com |

**II.    JURISDICTION**

This Court has jurisdiction over this criminal case pursuant to Title 18, United States Code, Section 3231, which provides that, "[t]he District Courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."

**III.    JURY/ NON-JURY TRIAL**

This case will be tried to a jury.

**IV.    LENGTH OF TRIAL**

The Government estimates that the presentation of its case-in-chief will take approximately three days. The defendant estimates that a rebuttal case, if any, will take about one day.

**V.    FURTHER PROCEEDINGS**

The parties do not anticipate any further proceedings (such as a Daubert hearing) prior to trial.

**VI.    NATURE OF CASE**

The two-count Indictment in this case charges the defendant, Amber Foley, with production and distribution of child pornography. The Indictment alleges that from on or about June 27, 2017 until on or about October 2, 2017, Foley produced a visual depiction of sexually explicit conduct, including, but not limited to, an image depicting the genitalia of four-year-old female in violation of 18 U.S.C. § 22521(a). In addition, the Indictment alleges that, during the same time period, Foley distributed child pornography using a means and facility of interstate and foreign commerce, in violation of 18 U.S.C. § 2252A(a)(2).

In summary form, the Government contends that Foley produced images

depicting two minor children (ages two and four) engaging in sexually explicit conduct (as that term is defined under 18 U.S.C. § 2256(2)). In addition, the Government will argue that Foley distributed those images to men she met on an internet-based dating app called "Meet Me."

### VII. TRIAL BY MAGISTRATE JUDGE

The Government does not agree to a trial by Magistrate Judge.

### VIII. EVIDENCE

A. **Witnesses**

1. The Government's anticipated witness list is annexed hereto as Exhibit A.[1]
2. *See* sub-B (The Defense Case).

**Exhibits**

Per the Court's Amended Scheduling Order, the parties' Exhibit Binders will be filed with the Court on or before November 5, 2019. The Government's anticipated exhibit list is annexed hereto as Exhibit B.

As to exhibits 11, 12 and 15-20, the defense may object to some portion of the exhibit. The parties will be meeting to review the Government's Exhibit Binder prior to the November 5th deadline and will attempt to reach an agreement on the portion that will be offered. If the parties cannot reach agreement, a motion will be filed with the exhibit binder to highlight the portion of the exhibit

---

[1] **The Government's anticipated witness list and exhibit list are being provided to the Court and counsel for the defendant, but are not being filed publicly on the ECF docket.**

that is in dispute.

In addition, as to exhibit 17, prior to submitting the exhibit binders to the Court, the Government and defense counsel will discuss whether a motion pursuant to Rule 404(b) will be necessary as it relates to evidence of production and distribution of images of Minor Child 2. If an agreement cannot be reached, the Government will file a motion well in advance of the final pretrial conference to allow sufficient time for defense counsel to submit his opposition at least three days before the Final Pretrial Conference as required by the Court's Standing Joint Trial Memorandum Order (Section 10).

B. <u>The Defense Case</u>

The defendant reserves her right to call witnesses, offer exhibits, and/or testify on her own behalf after the presentation of the Government's case-in-chief. If the defendant elects to present any such evidence, the parties anticipate that it will require one additional trial day.

VII. <u>STIPULATIONS</u>

A. <u>Stipulation of Fact:</u>

The parties expect a stipulation regarding the manufacture of android Coolpad cell phones outside the state of Connecticut.

B. <u>Proposed Voir Dire:</u>

The proposed voir dire questions are attached hereto as Exhibit C

C. <u>Proposed Jury Instructions</u>

The parties' proposed jury instructions are attached hereto as Exhibit D

D. <u>The Proposed Verdict Form</u>

   The proposed verdict form is attached hereto as Exhibit E.

XI.   **ANTICIPATED EVIDENTIARY ISSUES**

   1.   <u>Evidence Containing Sexually Explicit Images of Children</u>

   During trial, the Government intends to introduce and display images which are the subject of the Indictment and will argue that the images meet the definition of "child pornography." 18 U.S.C. § 2256(8). The Government and defense counsel met to discuss the procedure for displaying the images.

   The Government requests that only redacted versions of the images be displayed to the public gallery at trial when published through the Court's computer monitors. These redacted images will be sanitized to cover the genitalia. The unredacted images will be provided to the Court, the jury, the witnesses and the defendant in individual envelopes which will be collected and maintained by the Government.

   This procedure does not impose any meaningful impediment to the public's access to the proceedings, and even if it were considered to be some minor infringement upon the right to a public trial, it would be justified. *United States v. Gupta*, 699 F.3d 682, 687 (2d Cir. 2012) ("The public trial guarantee is not absolute, however. '[It] may give way in certain cases to other rights or interests, such as . . . the government's interest in inhibiting disclosure of sensitive information.'") (quoting *Waller v. Georgia*, 467 U.S. 39, 45 (1984)). This procedure is an appropriate balance of the need for a public trial with protecting the sensitive nature of the images and mitigating the harm to minor victim that attends repeated public

dissemination of their victimization, and courts routinely restrict the publishing of child pornography to the general audience at trial. *See United States v. Killingbeck*, 616 F. App'x 14, 16 (2d Cir. 2015) (no plain error in the Court's decision not to display child pornography on monitors visible to courtroom spectators, finding that the restriction was narrow, and that "[e]ven assuming that restricting the display of trial exhibits to the courtroom audience constitutes a partial 'closure' for Sixth Amendment purposes, the government presents substantial reasons for doing so - limiting the continuing harm to victims of child pornography."); *United States v. Toschiaddi*, No. NMCCA 200800044, 2009 WL 2151149, at *8 (N-M. Ct. Crim. App. July 16, 2009) (holding that military judge did not violate Sixth Amendment right to a public trial "when [the judge] devised a system whereby the images of child pornography were restricted to computer monitors visible only to the testifying witness, defense and Government counsels', the military judge, and the appellant"); *United States v. Troup*, No. 3:12–CR–36 JD, 2012 WL 3818242, at *6 (N.D. Ind. Aug. 31, 2012) (granting joint government/defense request not to display images to courtroom spectators because "[t]here is no particularly compelling reason why the public would need to see child pornography in the gallery during trial, and it would be detrimental to the minors depicted therein to put their victimization on display").

    2.    <u>Protection of the Identity of the Minor Children</u>

The Government anticipates that there will be testimony and evidence about sexually explicit images created and distributed by Amber Foley which depict a female child. In addition, the government anticipates there will be testimony

17

about sexually explicit images of a male child that were distributed by Foley.

In accordance with the confidentiality requirements of 18 U.S.C. § 3509(d), the parties agree not to use the name of the children depicted in the alleged child pornography during the trial. Instead, the parties agree to refer to the minor female child as "Minor Child 1" or ("MC1") and the minor male child as "Minor Child 2" or ("MC2"). Referring to minors only by initials or a pseudonym during public court proceedings is common in cases involving minor victims. *See, e.g., United States v. Willoughby*, 742 F.3d 229, 232 (6th Cir. 2014) (referring to minor victim by his/her initials); *United States v. Daniels*, 653 F.3d 399, 405 (6th Cir. 2011) (same); *United States v. Dickerson*, No. 6:12-CR-228-ORL-37, 2012 WL 6186732, at *2 (M.D. Fla. Dec. 12, 2012) (same); *United States v. Kelly*, No. 07-CR-374 (SJ), 2008 WL 5068820, at *2 (E.D.N.Y. July 10, 2008) (same); *United States v. Paris*, No. CR. 3:06-CR-64(CFD), 2007 WL 1484974, at *2 (D. Conn. May 18, 2007) (same); *see also United States v. Troup*, No. 3:12-CR-36 JD, 2012 WL 3818242, at *3 (N.D. Ind. Aug. 31, 2012) (permitting reference to minor victims by pseudonyms because "[i]t is easy to see how the disclosure of a child's name as the victim of a sex offense can be 'detrimental to the child[.]'").[2]

Similarly, the Government anticipates that there will be testimony about the familial relationship between Amber Foley and both MC1 and MC2 which could

---

[2] **In a trial before the Hon. Victor A. Bolden earlier this month involving the sex trafficking of minors, the Court permitted the minor victims to identify themselves at trial by pseudonyms and permitted the parties and witnesses to use those pseudonyms to refer to the minor victims during the trial.** *See United States v. Christopher Hamlett*, **Case No. 18-cr-24 (VLB). A similar procedure was followed in a trial before the Hon. Janet C. Hall earlier this year, where the Court permitted the minor victims to be identified during trial by their initials.** *See United States v. Toney Kelsey*, **Case No. 17-cr-36 (JCH).**

reveal the identity of those minors. The parties propose that the Court seal the portion of the transcript that identifies the familial relationship. See 18 U.S.C. § 3509(d)(3). The suggested approach of identifying the children as MC1 and MC2 balances the children's rights to privacy, dignity, and respect with the public's and press's right to access criminal proceedings, and is a reasonable request. *See Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982); *Paris*, 2007 WL 1484974, at *2 ("the interests of the Government, the Jane Does and the Minors in protecting these witnesses' identities outweighs the public's interest in access to this information, and the Government's proposal is narrowly tailored to serve its interest. Accordingly, the Jane Does and Minors may testify at trial using their first names and the first initials of their last names."). The Government represents that the children's actual identities were previously disclosed to counsel for Ms. Foley.

C. <u>Motion to sequester witnesses</u>.

Pursuant to Rule 615 of the Federal Rules of Evidence, the Government moves for an order directing that all witnesses, except for the defendant and the Government's lead case agent, be sequestered until they are called to testify at the trial. *See, e.g., United States v. Lee*, 834 F.3d 145, 162 (2d Cir. 2016) (holding that the district court properly exempted the government's case agent from sequestration).

Absent a showing of need, the defense requests that the lead case agent also be sequestered until after he testifies.

19

### D. Motion permitting the FBI digital forensic examiner to testify as a lay witness.

During the trial, the Government expects to call the digital forensic examiner Patrick O'Connell to testify at trial. Although he is a certified forensic examiner, his testimony at trial is not expert testimony that falls under Rule 702 of the Federal Rules of Evidence.

Mr. O'Connell will testify that he reviewed two cellular phones. One of the phones belongs to a Government witness with the initials "GH" and the other phone was seized from the defendant. Mr. O'Connell will testify that he used the Cellebrite forensic software to extract all the data from the phones. The software also generates a report about the phones' contents. Mr. O'Connell examined the data extracted from the phones. Mr. O'Connell will testify about various applications, photographs and messages he located on the phones, which the Government will introduce as exhibits.

The Government submits that this testimony is not expert testimony under Rule 702. Indeed, the Second Circuit, addressing the exact question faced here in a recent unpublished opinion, held that an agent's testimony about how he retrieved messages from a cellular phone using Cellebrite and about the contents of those messages did not qualify as expert testimony:

> Special Agent Tortorella explained his training in the use of Cellebrite technology to retrieve text messages and other data from a cellular phone; described how he used Cellebrite to do so in this case; and testified that he confirmed the results by checking the messages on the phone itself. He then testified to the contents of the messages retrieved from the phone. Tortorella did not purport to render an opinion based on the application of specialized knowledge to a particular set of facts; nor did his testimony turn on or require a technical understanding of the programming or internal

> mechanics of the technology. Accordingly, the district court did not abuse its considerable discretion in permitting Special Agent Tortorella to testify to these facts pursuant to Rule 602.

*United States v. Marsh*, 568 Fed. Appx. 15, 17 (2d Cir. May 30, 2014); *see United States v. McLeod*, No. 16-50013, 2018 WL 4089599, at *1 (9th Cir. Aug. 28, 2018) (finding that detective's testimony about using Cellebrite software to extract data from a phone was not expert testimony under Rule 702); *United States v. Seugasala*, 702 F. App'x 572, 575 (9th Cir. 2017) ("The officers who followed the software prompts from Cellebrite and XRY to obtain data from electronic devices did not present testimony that was based on technical or specialized knowledge that would require expert testimony."); *see also United States v. Berry*, 318 Fed. Appx. 569, 569 (9th Cir. Mar. 11, 2009) ("The district court did not abuse its discretion in treating the testimony of Agent Beamer as akin to a fact witness rather than an expert. Beamer simply testified to what he found on the hard drive of Berry's computer, without expressing an opinion that required specialized knowledge or offering insight beyond common understanding.").

Accordingly, the Court here should also permit Mr. O'Connell to testify as a fact witness and rule that his testimony is not subject to Rule 702. To the extent the Court determines that his testimony is expert testimony, the Government hereby provides notice under Rule 702, and out of an abundance of caution, the Government will provide the defendant with a copy of Mr. O'Connell's *curriculum vitae*.

### E. Motion to Permit Audio Transcript As a Demonstrative Aid

The Government intends to offer a portion of an audio and video recorded

interview of Amber Foley which was conducted by Special Agent Brendan Lundt. The Government will provide a copy of the transcript to defense counsel by October 21, 2019 and will work with counsel to reach an agreement as to the accuracy of the transcript. The transcript will be offered as a demonstrative aid to assist the jurors and allow them to read along during the trial. Fed. R. Evid. 611.

XII. **REQUEST FOR OPENING STATEMENTS**

The Government requests permission for a short opening statement.

Given the anticipated length of the trial and the nature of the evidence (*i.e.*, not complex), the defendant objects to this request.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/

NANCY V. GIFFORD
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. CT16324
450 Church Street
Hartford, CT 06103
Tel: (860)947-1101

**CERTIFICATION OF SERVICE**


      I hereby certify that on October 15, 2019, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


      /s/

**NANCY V. GIFFORD**
**ASSISTANT U.S. ATTORNEY**