THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

IN RE SEARCH OF : UNDER SEAL (RAR)
ONE COOLPAD MODEL #3632A :
IMEI: 862429030800005 CELLULAR : CASE NO. 3:19CR333(VLB)
PHONE CURRENTLY IN THE CUSTODY :
OF HOMELAND SECURITY :
INVESTIGATIONS :

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Jordan Oliveira, a Special Agent with Homeland Security Investigations (HSI), New Haven Resident Agent in Charge Office, New Haven, CT, being duly sworn, depose and state as follows:

1. I have been a Special Agent with HSI since November 2010. My initial duty assignment was with the Assistant Special Agent in Charge (ASAC), Office of Investigations in Nogales, Arizona. Currently, I am assigned to the office of the Resident Agent in Charge (RAC), Office of Investigations New Haven, Connecticut. As a Special Agent with HSI, I am responsible for investigating and enforcing violations of federal law to include the enforcement of federal narcotics laws, immigration laws, the Money Laundering Control Act, and various customs violations. I have attended and graduated from the Criminal Investigator Training Program and the ICE-HSI Special Agent Training Program, both of which are conducted at the Federal Law Enforcement Training Center in Glynco, Georgia. At this institution, I received specialized training including, but not limited to, the following areas: narcotics investigations, immigration investigations, fraud investigations, cyber investigations, import/export investigations, child pornography investigations, firearms, defensive tactics, surveillance, and undercover operations.

1

2. Prior to becoming a Special Agent (SA) with HSI, I was a Police Officer assigned to the Patrol Division of the Norwalk Police Department, Norwalk, Connecticut from December 2008 to November 2010, after successfully completing the Connecticut Police Academy. In January 2009, I graduated from Western Connecticut State University with a Bachelor of Science degree in Justice and Law Administration. Prior to that I was honorably discharged from the United States Military after completing more than five years of active duty service.

3. During my tenure with HSI, I have participated in numerous joint inter-agency investigations. During these investigations, I have conducted physical surveillance, executed search and seizure warrants, reviewed tape-recorded conversations and conducted record checks of suspects. I have also analyzed the contents of seized cellular telephones and interviewed sources of information, including confidential sources. Through my training and experience, including on-the-job discussions with other law enforcement agents and cooperating suspects, I am familiar with the operational techniques and organizational structure of drug, weapons, currency and human smuggling organizations.

4. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 3061, and am empowered by law to conduct investigations and to execute warrants issued under the authority of the United States.

5. I am currently working with the Meriden Police Department (MPD) to investigate Amber FOLEY (hereinafter referred to as "MV's Mother" or "MVM"), an adult female born in 1987, who is awaiting trial for charges relating to the production of child pornography in violation of 18 U.S.C. § 2251(a) and distribution of child pornography in violation of 18 U.S.C. § 2252A. Trial is scheduled to begin on Monday, November 25, 2019.

6. I make this affidavit in support of an application for a warrant to conduct a third forensic examination of the contents of the following item:

    a. A Coolpad model # 3632A, IMEI: 862429030800005 cellular phone in a pink case provided to the Meriden Police Department on October 3, 2017 by MV's Mother and currently in the custody of Homeland Security Investigations (the "TARGET DEVICE").

7. The Target Device was previously searched on two occasions pursuant to federal search warrants. The first search occurred in October 2017 and a second search occurred in September 2018. Both of the prior federal warrants are attached hereto and incorporated herein as Attachment A.[1]

### Statutory Authority

8. As noted above, this case involves possible violations of 18 U.S.C. § 2251(a) (production of child pornography) and 18 U.S.C. § 2252A(a)(2) (distribution of child pornography). Collectively, the "TARGET OFFENSES".

9     18 U.S.C. § 2251(a) prohibits

"[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished . . . if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer...."

10. 18 U.S.C. § 2252A(a)(2) prohibits

"[a]ny person who…knowingly …. distributes— …any material that contains child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer…"

---

[1] Attachment A is provided to the Court under seal because the previously issued search warrants are sealed.

11. Based on the information contained in this affidavit, including Attachments A and B, I believe there is probable cause to believe that evidence, fruits, and instrumentalities of the TARGET OFFENSES is presently located within the TARGET DEVICE.

12. The statements contained in this affidavit are based in part on information provided by other members of local, state and federal law enforcement, my own investigation to include personal observations, documents and other investigative materials which I have reviewed, as well as my training and experience as a Special Agent with HSI. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits and instrumentalities of the TARGET OFFENSES are located within the TARGET DEVICE.

## RECENT DEVELOPMENTS

13. In continuing compliance with its discovery obligations, the Government provided defense counsel with access to the forensic reports prepared from the TARGET DEVICE.

14. Recently, after reviewing a .pdf version of an extraction report, defense counsel requested a different format to review and access the "raw data."

15. Your affiant attempted to locate the "raw data" in order to allow a review in the requested format.

16. The previous extractions and forensic reports were performed by a computer forensic agent ("CFA") who is no longer with Homeland Security Investigations. CFA Patrick O'Connell is now with the Food and Drug Administration in Florida. After reaching out to CFA

O'Connell, your affiant learned that the original extractions (or "raw data") was either misplaced or deleted when CFA O'Connell changed agencies.

17. Defense counsel indicated he may object to the introduction of the forensic report of the TARGET DEVICE if he cannot first review the original extraction (or "raw data"). The Government requested Foley's consent to perform another extraction in order to provide defense counsel with the requested data. The request was denied.

18. The TARGET DEVICE has remained in the custody of the Homeland Security Investigations since on or about October 26, 2017.

19. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

    a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20.  *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

21.  *Manner of execution.* Because this warrant seeks only permission to examine the Target Device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

22.  With regard to the TARGET DEVICE, I request permission to enter and search the device for evidence relating to the TARGET OFFENSES. Specifically, I am seeking evidence of (1) whether the TARGET DEVICE was used to facilitate the production, receipt or distribution of any child pornography, (2) whether the TARGET DEVICE contains evidence of FOLEY communicating

with others relating to the TARGET OFFENSES; and (3) whether the TARGET DEVICE contains evidence, fruits and/or instrumentalities of the production, receipt or distribution of child pornography. Your affiant also seeks evidence of the identity of the users and/or owners of the TARGET DEVICE.

23. It is also requested that this Court grant permission to retrieve the above-described stored electronic information by printing said stored electronic information or otherwise reproducing said stored electronic information, by converting said stored electronic information, or by copying said stored electronic information into storage in another device. It is also requested that the warrant be deemed executed once the TARGET DEVICE has been seized in the manner described above, and that further analysis of the TARGET DEVICE be permitted at any time thereafter.

## **CONCLUSION**

24. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that there is evidence, to include contraband, fruits and instrumentalities, of the TARGET OFFENSES on the TARGET DEVICE.

25. Wherefore, your affiant respectfully requests that a warrant be issued authorizing a search of the TARGET DEVICES for the items described in Attachment B and authorizing the seizure of all such items.

Special Agent Jordan Oliveira
Department of Homeland Security
Homeland Security Investigations

Sworn and subscribed before me this 18 day of November 2019

/s/ Robert A. Richardson

HONORABLE ROBERT A. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED

All information including photographs, images, videos, correspondence, communications, records, documents, electronic messages, text messages, chats, chat logs, notes, contacts, call logs, voicemails and other materials, and any associated metadata, EXIF information, and GPS or geo-location information, in any format, that constitute fruits, evidence and instrumentalities of the crimes of production of child pornography, in violation of 18 U.S.C. § 2251(a) and/or the distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), including, but not limited to, the following:

a. Any and all photographs of the Minor Victim whose appearance and identity is known to law enforcement;
b. Evidence of the use the TARGET DEVICE in the production of child pornography;
c. Evidence of the use the TARGET DEVICE in the receipt or distribution of child pornography;
d. The telephone number, ESN number, serial number, SIM card numbers, and/or any other identifying information of the TARGET DEVICE;
e. Any and all evidence showing or tending to show the identity of the maker or user of the data and information contained in the TARGET DEVICE;

Seizure is further authorized of evidence of user attribution showing who used, owned, accessed, or controlled the TARGET DEVICE at the time the things described in this warrant were created, edited, sent, received or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history, and evidence indicating the geographic location of the TARGET DEVICE access or use

It is specifically authorized that stored electronic information, data, information and images contained in the TARGET DEVICE may be reproduced by printing said stored electronic information or otherwise reproducing said stored electronic information, by converting said stored electronic information, or by copying said stored electronic information into storage in another device.

To the extent that the TARGET DEVICE contain removable storage media, examination of such removable media is specifically authorized for the same evidence as described in this attachment.