# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | CRIM. NO.3:18cr333 (VLB) |
| | : | |
| **AMBER FOLEY** | : | |
| | : | |

## MOTION TO DISMISS DUE TO SPEEDY TRIAL VIOLATION AND POINTS AND AUTHORITIES IN SUPPORT THEREOF

COMES NOW Amber Foley, by and through undersigned counsel and pursuant to the Sixth Amendment of the United States Constitution, 18 U.S.C. § 3161, *et. seq.* and Fed. R. Cr. P. 48(b)(3), and hereby moves to dismiss all charges in the instant matter, with prejudice, due to a violation of her speedy trial rights. In support of this request, Ms. Foley offers:

## BACKGROUND

1. Ms. Foley was originally charged via criminal complaint, on January 18, 2018. Doc. 1.

2. Where the parties were unable to resolve the matter, an indictment was returned, on December 19, 2018. Doc. 74.

3. Ms. Foley was arraigned, on January 15, 2019. Doc. 85.

4. Jury selection was originally scheduled for March 29, 2019. Doc. 86.

5. On February 11, 2019, Ms. Foley moved to continue jury selection. Doc. 93. That motion was denied, on February 12, 2019. Doc. 94.

6. On February 15, 2019, Ms. Foley moved again to continue jury selection. Doc. 95. That motion was granted, on February 19. Doc. 96. Specifically, jury selection was continued to July 16, 2019. Id.

7. On May 21, 2019, Ms. Foley moved to continue jury selection. Doc. 100. On May 31, 2019, Ms. Foley filed an amended motion. Doc. 102. That motion was granted, on June 3, 2019. Doc. 103. Specifically, jury selection was continued to November 19, 2019. Id.

8. Based on information learned on November 18, 2019, Ms. Foley moved to disqualify the Court. Doc. 128. The government did not object to that request. Id. at 1; see Doc. 137.

9. When the parties appeared, on November 19, the Court *sua sponte* continued jury selection to November 25, 2019. Doc. 131.

10. On November 22, 2019, the Court terminated jury selection and trial dates.

11. Twenty-nine days later, on December 20, 2019, the government moved for Speedy Trial Act findings. Doc. 145. The Court did not rule on this motion.

12. On January 13, 2020, the Court issued an Order denying the unopposed motion to disqualify. Doc. 149. The Order concluded:

> Finally, Ms. Foley is entitled to a speedy trial. U.S. CONST. amend VI. The speedy trial clock stops when a substantive motion is filed and remains suspended for a reasonable time for the Court to render a ruling. 18 U.S.C. § 3161(h)(1)(D). The Court's ruling on this motion was reasonable, given the complexity of the issues, intervening holidays, and court closures.[1] Ms. Foley was not deprived of her right to a speedy trial.

Id. at 31. The Court set jury selection for January 21, 2020.

13. On January 15, 2020, shortly after returning to the country from business-related travel, the undersigned e-mailed Chambers, advising (a) that Ms. Foley objected to a continuance of jury selection and (b) that she intended to file the instant motion. See Doc. 151.

14. On January 16, 2020, the Court continued jury selection to January 28, 2020. Doc. 152. In so doing, the Court provided that

---

[1] On information and belief, the District Court closed four business days during the period in question: November 28 and 29, 2019; December 25, 2019; and January 1, 2010—closures that correspond with holidays.

3

consideration of the instant motion (then, as yet, unfiled) "necessitates a brief, one week continuance of the start of jury selection." Id.

## ARGUMENT

15. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." This provision seeks to minimize the detrimental effect to an accused, facing criminal charges, of "living under a cloud of anxiety, suspicion, and often hostility." United States v. Black, 918 F.3d 243, 264 (2d Cir. 2019)

16. The Speedy Trial Act (STA), as codified at 18 U.S.C. § 3161, *et. seq.*, "commands that a defendant be tried within 70 days of the latest of either the filing of an indictment or information, or the first appearance before a judge or magistrate." Henderson v. United States, 476 U.S. 321, 322 (1986); see 18 U.S.C. § 3161(c)(1). "Defendants generally may not elect to waive the protections of the Act. The reason is that the public has at least as great an interest as the defendant in an expeditious criminal trial." United States v. Barnes, 159 F.3d 4, 13 (1st Cir. 1998) (citation omitted). "The

legislative history of the Act confirms the importance of the non-waiver rule. *See Pringle,* 751 F.2d at 433 (citing S.Rep. No. 212, 96th Cong., 1st Sess. 28–29 (1979), *reprinted in* A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974,* at 182 (Fed.Judicial Center 1980))." United States v. Gambino, 59 F.3d 353, 360 (2d Cir. 1995).

17. A limited exception to the non-waiver rule (a.k.a., "The Pringle Exception") permits tolling/exclusion where a defendant's conduct "causes or contributes" to a period of delay, that is, creates or adds to delay. Pringle, 751 F.2d 419, 434 (1st Cir. 1994). Importantly in this regard, a defendant's "waiver" does not give rise to a per se exclusion. Courts, which are tasked with "painstaking vigilance" to prevent STA violations, are obliged to "reject" STA waivers ("ought not to be allowed"), and waiver-related exclusions should only occur where "a waiver creates delay." United States v. Ramirez, 973 F.2d 36, 38 (1st Cir. 1992); Pringle, 751 F.2d at 434.

> 'The fact that the defendant has requested the continuance or consents to it is not in itself sufficient to toll the operation of the time limits.' Administrative Office of the United States Courts, *Amended Speedy Trial Act Guidelines* (Aug.1981), reprinted in Robert L. Misner, *Speedy Trial Federal and State Practice,* app. B 775 (1983). It is

5

> incumbent on the court to make the necessary § 3161(h)(8)(a) findings before a court may grant a continuance. *Perez–Reveles,* 715 F.2d at 1352. Therefore, we find an attempted 'waiver' by the Defendant is necessarily invalid unless the court simultaneously makes 'ends of justice' findings. *See Carrasquillo,* 667 F.2d at 390. 'It would be inconsistent with the statutory scheme to permit a defendant, through a purported "waiver," to relieve the court of this obligation.' *Amended Speedy Trial Act; Guidelines* at 776.

United States v. Saltzman, 984 F.2d 1087, 1091 (10th Cir. 1993) (citing Pringle).

18. "The sanction of dismissal was intended by Congress to serve as a deterrent for the failure of [...] the court to comply with the Act.... To the extent the Act protects the defendant's interest, it places limits primarily on the actions of [...] courts...." Pringle, 751 F.2d 434.

19. In assessing excludable and non-excludable time, failures involving non-discretionary exclusions are errors as a matter of law, while discretionary exclusions are reviewed under an abuse of discretion standard. Pringle, 751 F.2d at 429. Importantly though, "the discretion granted to the trial court to invoke the ends of justice exception is narrow;" it is not to be invoked "lightly or routinely." United States v. Mitchell, 723 F.2d 1040, 1044 (1st Cir. 1983).

20. A delay that does not violate the Speedy Trial Act may nevertheless violate the defendant's Sixth Amendment right to a speedy trial. <u>United States v. Salimonu</u>, 182 F.3d 63, 69 (1st Cir.1999). The Supreme Court has identified four factors that are relevant in considering whether a defendant's constitutional speedy trial rights have been violated: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice caused by the delay. <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972); see <u>United States v. Black</u>, 918 F.3d at 254 (factors must be considered together)

21. Considering dates here (*supra*), 32 days passed between the date of Ms. Foley's arraignment (1/15/19) and when the Court first continued jury selection (2/15/19). Accounting for the dates when the first motion to continue was filed (2/11/19) and denied (2/12/19), that time is reduced to 30 days.

22. Forty days from November 19, 2019 (*i.e.*, the STA deadline) is <u>December 29, 2019</u>.

23. The Court's Order (Doc. 149) issued 16 days after December 29, 2019 (and 56 days after the November 19, 2019 jury selection date).

24. The jury selection date established through the Order denying the disqualification motion, January 21, 2020, is 24 days after December 29, 2019 (and 64 days after the November 19, 2019 jury selection date).[2]

25. Where Ms. Foley moved, without objection, to disqualify the Court, the substantive issue presented was not of her making nor was it in dispute, that is, she did not cause or contribute to the extraordinary, improper action revealed to her, which necessitated the unopposed application. The application was not designed to manipulate the timing of these proceedings. As reflected by her objection to a further continuance, Ms. Foley seeks a trial (simply one presided over by a different judge).

26. As noted, the Court found that the timing of its rulings on Ms. Foley's motion, that is, 57 days from when the motion was filed, is

---

[2] The newly announced jury selection date, January 28, 2020, is 71 days after November 19, 2019.

"reasonable, given the complexity of the issues, intervening holidays, and court closures." See Doc. 149 at 31. <u>**By its express terms, this statement of reasoning did not include an "ends of justice" finding**</u>. Moreover, assuming *arguendo* that the holidays and court closures constitute excludable time, this means the 53 days required for the Court's decision (and the additional eight days attendant to the January 21 jury selection date) results from the claimed "complexity of the [uncontested] issues." Id.; see Note 1. Significant in this regard, the Court's Order (Doc. 149) purports to set forth the rationale that motivated its decision to conduct an *ex parte* competency assessment and related plea-related discussions with Ms. Foley, that is, to explain judicial action in the context of why relief is denied. This then must mean that the substance of the Order (the explanation) is not complex, and it is from that vantage point that the timing of the Court's ruling (on an issue concerning its conduct), and associated delay/violation of Ms. Foley's speedy trial rights, must be viewed.

27. "District courts must hold themselves accountable for ensuring their own compliance with the Speedy Trial Act's requirements." <u>United States v. Bert</u>, 814 F.3d 70, 80 (2d Cir. 2016).

**9**

"Not only must the court police the behavior of the prosecutor and the defense counsel, it must also police itself. The Act is as much aimed at the delay caused by judicial congestion and mismanagement as it is aimed at the deliberate stalling of counsel. 120 Cong.Rec. 41618 (1974) (statement of Sen. Ervin)." Pringle, 751 F.2d at 429; see also United States v. Moss, 217 F.3d 426, 432 (6th Cir.2000) ("[T]he purposes of the Act would be thwarted if courts do not adjust their day-to-day procedures to comply with its requirements").

28. "The Speedy Trial Act does not indicate a preference as between dismissals with and dismissals without prejudice." United States v. Giambrone, 920 F.2d 176, 180 (2d Cir.1990). That said, "[a] district court may not merely assume responsibility for a speedy trial violation, find no improper motive, and then weigh this statutory factor in favor of dismissal without prejudice without providing further explanation for its determination." United States v. Bert, 814 F.3d at 80. "When a STA violation is caused by the court [], it weighs in favor of granting a dismissal with prejudice." United States v. Ramirez, 973 F.2d at 39; cf. United States v. Caparella, 716 F.2d 976, 980 (2d

Cir.1983) (dismissal with prejudice does not require a finding of "evil motive").

* * *

WHEREFORE, in view of the judicially created delay that has violated her speedy trial rights, Amber Foley respectfully requests that the instant matter be dismissed, with prejudice.

Respectfully submitted,

BY: _____/s/ Todd Bussert_____
Todd Bussert, CT24328
FROST BUSSERT LLC
350 Orange Street, Suite 100
New Haven, CT 06511
(203) 495-9790; Fax: (203) 495-9795
tab@frostbussert.com

Attorney for Amber Foley

**CERTIFICATE OF SERVICE**

**I hereby certify that on January 18, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.**

*/s/ Todd Bussert*
**Todd A. Bussert**