UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 3:18-cr-00333- (VLB) |
| AMBER FOLEY | : | |
| Defendant. | : | January 27, 2020 |

## MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION TO DISMISS

## [DKT. 155]

Before the Court is Defendant Amber Foley's Motion to Dismiss [Dkt. 155] with prejudice for violation of her speedy trial rights pursuant to the Sixth Amendment, the Speedy Trial Act, 18 U.S.C. § 3161, and Fed. R. Crim. P. 48(b)(3). The Government opposes the Defendant's motion. [Dkt. 158]. The Court DENIES the Defendant's motion to dismiss because the delay in the commencement of her trial has violated neither the Speed Trial Act nor the Defendant's Sixth Amendment right to a speedy trial. For ease of reference, the Court includes an appendix to this opinion showing the Court's calculation of the Defendant's Speedy Trial Act clock.

### Background

Ms. Foley was originally charged by criminal complaint on January 18, 2018 for distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). [Dkt. 1 (Compl.)]. On December 19, 2018, the Grand Jury indicted her on charges of

production of child pornography in violation of 18 U.S.C. § 2252(a) and with distribution of child pornography. [Dkt. 74 (Indictment)]. The Defendant was arraigned on the indicted charges on January 15, 2019 and entered a not guilty plea. [Dkt. 85].

On February 11, 2019, the Defendant filed a motion to continue trial for 90 days past March 29, 2019 [Dkt. 93], representing that additional time was necessary because discovery was ongoing, the parties were discussing a potential non-trial resolution, defense counsel was scheduled for trial in another matter, and defense counsel would be away from June 26, 2019 through July 8, 2019. The Defendant executed a waiver of her speedy trial rights for a 90 day period. *Ibid*. The Court denied the motion without prejudice to refiling if the six remaining court days between June 18, 2019 and June 25, 2019 were sufficient for trial, otherwise the next jury selection date was July 16, 2019. [Dkt. 94]. Three days later, the Defendant renewed her motion and requested a continuance of jury selection until July 16, 2019. [Dkt. 95]. The Defendant's renewed motion was accompanied by an executed speedy trial waiver stating:

> "She asks that the Court find that the requested continuance is in the best interest of the defendant, that it outweighs the public interest in a speedy trial, and that the period of until July 16, 2019 should be excluded." (sic) [*Id*. Ex. 1 ¶ 3].

On February 19, 2019, the Court granted the Defendant's requested continuance of jury selection until July 16, 2019, finding that:

> "the interests of justice served by continuing jury selection to 07/16/2019 outweigh the interests of the public and the Defendant in a speedy trial, because the failure to grant a continuance would deny counsel "reasonable time necessary for effective preparation, taking into account the exercise of

due diligence." *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The Defendant has also submitted a signed speedy trial waiver. The Clerk is directed to exclude the period from 03/22/2018 to 07/16/2019 from the Defendant's speedy trial clock." [Dkt. 96].

On June 3, 2019, the Court granted [Dkt. 103] the Defendant's amended second motion to continue jury selection [Dkt. 102 (Am. Sec. Mot. to Cont.)] to November 19, 2019 based on the defense counsel's representation that he required additional time to prepare and would be unavailable from June 26, 2019 until July 8, 2019. Here too, the Defendant executed a speedy trial waiver for the period of July 16, 2019 until November 19, 2019. [Dkt. 102 (Ex. 1)]. In granting the second continuance, the Court made an interest of justice finding, citing to 18 U.S.C. § 3161(h)(7)(B)(iv), and directed the clerk to exclude the period from July 16, 2018 to November 19, 2019 from the Defendant's speed trial clock. [Dkt. 103].

The day before jury selection was set to commence, the Defendant filed motions to disqualify the Court and to continue jury selection. [Dkt. 128 (Mot. to Disqualify)]; [Dkt. 129 (Third Mot. to Cont.)]. The Court granted the Defendant's third motion to continue jury selection from the bench and the jury was summoned to reappear on November 25, 2019 while the Court considered the Defendant's motion to disqualify. [Dkt. 135 at 0:58]. The Court stated that it would rule on the Defendant's motion to disqualify by November 25, 2019. [*Id.* at 11:21-11:51]. However, before that date, the parties filed additional briefing addressing information provided to the parties by the Court at the November 19, 2019 hearing. [Dkt. 136 (Def. Supp. Mem. in Sup. and Mot. to Dismiss); [Dkt. 137 (Gov. Mem. in Supp.)]. Moreover, the Defendant's supplemental briefing also moved to dismiss the charges pursuant to the Sixth Amendment. [Dkt. 136]. Thereafter, jury selection

then set for November 25, 2019 was marked off during the pendency of the Defendant's motions.

On December 20, 2019, the Government requested that the Court make a Speedy Trial finding as to a continuance pending resolution of the Defendant's motion to disqualify. [Dkt. 145]. The Court denied the Defendant's motions for disqualification and dismissal of the charges in a comprehensive 32-page opinion on January 13, 2020. [Dkt. 152]. In doing so, the Court also re-set jury selection for January 21, 2020 and made explicit speedy trial findings as to the time necessary to rule on the Defendant's motions. [*Id.* at 31-32]. The Court noted that the parties could seek a continuance of jury selection upon a showing of good cause, the submission of an executed speedy trial waiver, and upon informing the Court as to their mutual availability for trial. [*Id.* at 32].

On January 15, 2020, having heard nothing further from the parties, the Court inquired as to whether they intended to proceed with jury selection on January 21st or whether a continuance would be requested. [Ex. 1 (01/15/2020 Email from Court)]. The Government first stated that they would be requesting a continuance. [Ex. 1 (01/15/2020 Email from AUSA Gifford)]. Then, defense counsel replied that he tentatively planned to oppose a continuance and that he would also be filing a motion to dismiss based on a Speedy Trial violation. [Ex. 1 (01/15/2020 Email from Attorney Bussert to Court). The following day, the Government moved to set trial dates, stating that the Government now planned to proceed with jury selection on January 21, 2020, but sought to begin evidence on February 3, 2020 to accommodate two witnesses. [Dkt. 150]. The Defendant filed an opposition brief to

the Government's motion and also stated her intention to file the motion to dismiss that is now before the Court. [Dkt. 151].

That day, based on the Defendant's representation that a dispositive motion would be forthcoming, the Court continued jury selection for one week, now set for January 28th. [Dkt. 152]. The Court then set trial dates, which accommodated the needs of both parties as set forth in their joint submission [Dkt. 154]. [Dkt. 157 (Order setting trial dates)].[1] The Defendant filed the instant motion to dismiss on January 18, 2020. [Dkt. 155]. The Court ordered the Government to respond on or before January 23, 2020. [Dkt. 156]. The Government filed its brief accordingly. [Dkt. 158].

## Speedy Trial Act Analysis

The Speedy Trial Act (the "Act") mandates that a criminal defendant be brought to trial within seventy days from the filing date (and making public) of the information or indictment or the defendant's initial appearance, which occurs later. 18 U.S.C. § 3161(c)(1). The Act excludes time attributable to certain events from computation of the seventy day statutory period. *See e.g.*, 18 U.S.C. § 3161(h)(1)(A)-(h). Of particular note is § 3161(h)(1)(D), which excludes: "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Additionally, up to thirty days'

---

[1] Evidence is set to begin on January 31, 2020, two days after jury selection, which is the first available court day following jury selection, which also accommodates the needs of both parties and their witnesses.

time is excluded during which "any proceeding concerning the defendant is actually under advisement by the court." § 3161(h)(1)(H).

When Ms. Foley's trial commences with jury selection now scheduled on January 28, 2020, 378 calendar days will have based between her arraignment and trial. But, of this time, only 54 days are counted towards her speedy trial clock.

First, the Defendant was arraigned on the indicted charges on January 15, 2019 [Dkt. 85], thus commencing her speedy trial clock the following day, January 16, 2019. 18 U.S.C. § 3161(c)(1); *see also, United States v. Nixon*, 779 F. 2d 126, 129-130 (2d. Cir. 1985)(holding that "the statutory period was intended to begin only after an appearance at which a not guilty plea has been entered."); *see also* Fed. R. Crim. P. 45(a)(1)(A) excluding the day of the event that triggers the period.

Next, is the period between the day after the Defendant's arraignment (01/16/2019) and the Court's order granting the Defendant's first motion to continue jury selection (02/19/2019). The Defendant argues that there are 30 non-excluded days in this period, whereas the Government argues that there are 28 non-excluded days. [Dkt. 155 (Def. Mot.) ¶ 21]; [Dkt. 158 (Gov. Opp.) at 5-6]. There are 37 calendar days in this period, including February 19th. However, February 11th and 12th are both excluded because the Defendant's first motion to continue jury selection was pending. The speedy trial clock stopped again on February 15th upon the Defendant's renewed motion for a continuance and did not restart until after the Court ruled on the motion on February 19th. Thus, February 15th, 16th, 17th, 18th, and 19th are also excluded. The Government is correct: there were 28 days incurred (42

days remaining) on the Defendant's speedy trial clock at the time of the Defendant's first extension.[2]

As mentioned above, the Court granted both of the Defendant's motions to continue jury selection, first from March 22, 2019 to July 16, 2019 [Dkt. 103] and then again from July 16, 2019 to November 19, 2019 [Dkt. 103]. In both instances, the Defendant submitted an executed speedy trial waiver and the Court made findings on the record that the continuance was for a reasonable time necessary for effective preparation, taking into account the exercise of due diligence, based on the defense counsel's representations in these motions. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, the period from February 19, 2019 through November 18, 2019 is also excluded. Consequently, on November 18, 2019, the Defendant had forty two days remaining on her speedy trial clock.[3]

Then, on the eve of the start of jury selection, the Defendant moved for a continuance of jury selection [Dkt. 129] and for disqualification of the Court [Dkt.

---

[2] Neither the Government nor the Defendant address the fact that the Court's order at [Dkt. 103] excluded time from 07/16/18-11/19/2019 from the Defendant's speedy trial clock. The Defendant's speedy trial waiver is ambiguous as to the start date: "the period of until July 16, 2019 should be excluded." (sic) [Dkt. 95. Ex. 1 ¶ 3]. The Court will construe the ambiguity in favor of the Defendant in light of case law generally precluding *nunc pro tunc* continuances in criminal matters. *See United States v. Tunnessen*, 763 F.2d 74, 77-79 (2d Cir. 1985). As a result, the Court concurs with the Government's calculation that the initial 28 days of time following the entry of the Defendant's guilty plea is not excluded from the Defendant's speedy trial clock.

[3] The Court's order [Dkt. 103] granting the Defendant's second motion to continue jury selection would also have the effect of excluding the time from the entry of the Defendant's plea through her first motion to continue jury selection. However, for reasons set forth in n. 2, the Court declines to toll the Defendant's speedy trial clock retroactively in the manner set forth in [Dkt. 103].

128]. While the Court granted the continuance or jury selection from the bench, the relief sought by the Defendant was superfluous to the motion for disqualification as the Court was unable to proceed with jury selection until the disqualification issue was resolved.

Before the rescheduled start of jury selection, the Government joined the Defendant's recusal motion and the Defendant filed a supplemental brief, which additionally sought to dismiss the charges. [Dkt. 136 (Def. Supp. Mem. in Sup. and Mot. to Dismiss); [Dkt. 137 (Gov. Mem. in Supp.)]. The parties briefing on the Defendant's motion was finalized on November 21, 2019. Thus, the Defendant's motion was under advisement, after briefing was complete, for fifty three (53) days.

The Defendant takes the position that none of this time, from the Defendant's initial motion for disqualification on November 18, 2019 through the Court's order denying the motion on January 13, 2020 is excludable from the Defendant's speedy trial clock because Ms. Foley did not cause the delay. [Dkt. 155 at ¶¶ 22-25]. This is erroneous because it omits the automatic application of § 3161(h)(1)(D) and § 3161(h)(1)(H) to pending pretrial motions.

First, the Speedy Trial Act automatically excludes all time while the Court "awaits the briefs and materials needed to resolve a motion on which a hearing has been held." *Henderson v. United States*, 476 U.S. 321, 331 (1986) (interpreting § 3161(h)(1)(D)). This provision unequivocally excludes the time between the filing of the Defendant's motion to recuse on November 18, 2019 until the submission of the parties' briefing on November 21, 2019. In *U.S. v. Tinklenberg,* 563 U.S. 647, 650

(2011), the U.S. Supreme Court held that this § 3161(h)(1)(D) requires no finding of causation or just cause and the filing of the pre-trial motion itself is the triggering event. Similarly, in *Henderson*, 476 U.S. at 331, the U.S. Supreme Court declined to interpret § 3161(h)(1)(D) to exclude only "reasonably necessary delays" while the Court awaits the parties' briefing. Thus, November 18th, 19th, 20th, and 21st are automatically excluded from the Defendant's speedy trial clock pursuant to § 3161(h)(1)(D) without the need for any predicate findings.

The next issue is the time that the Court spent considering the Defendant's motions to disqualify the Court and for dismissal of the charges after they are deemed submitted on November 21. Pursuant to § 3161(h)(1)(H), any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" is excluded from the defendant's speedy trial clock. In *United States v. Bufalino*, 683 F.2d 639, 642-647 (2d Cir. 1982), the Second Circuit interpreted the legislative history of the Speedy Trial Act to mean that the word "proceeding" in § 3161(h)(1)(H) encompasses pre-trial motions. *See, i.e. Henderson*, 476 at 332 (calculating the number of nonexcludable dates to exclude period when court was awaiting briefing plus 30 day advisement period). As a consequence, *Bufalino* placed the 30 day limitation on district judges to decide pre-trial motions, with the caveat that judges could grant a continuance based on an end of justice finding under § 3161(h)(7)(A) (formerly, § 3161(h)(8)) for the excess period. *Id*. at 645.

Here, as contemplated by *Bufalino*, the Court made an end of justice finding in the Court's order on January 13, 2020, when the Court held that the delay

resulting from the ruling on the Defendant's motions was reasonable given their complexity. [Dkt. 149 at 31]. The fact that the Government did not oppose the Defendant's motion for disqualification has no bearing on whether the Court had a duty to recuse itself and did not simplify the analysis that the Defendant's motion required the Court to undertake. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988) (explaining the informed, objective standard for recusal motions). The issue warranted the careful consideration provided by the Court in its January 13, 2020 opinion. The Court also made clear in the docket entry [Dkt. 149] that the Court was making a speedy trial finding based on the complexity of the motions. Complexity arising from of novel questions of fact or law is a factor warranting a continuance. § 3161(h)(7)(B)(ii).

In *Zedner v. U.S.*, 547 U.S. 489, 506-507 (2006), the U.S. Supreme Court held that "[a]lthough the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance (the continuance can only be "granted … on the basis of [the court's] findings"), the Act is ambiguous on precisely when those findings must be "se[t] forth, in the record of the case." However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)." On the other hand, *Tunnessen*, 763 F.2d at 77, holds that "an ends-of-justice continuance [must] be prospective, not retroactive; an order granting a continuance on that ground must be made at the outset of the excludable period." Accordingly, the Court's January 13, 2020 speedy trial findings did not toll the Defendant's statutory clock effective December

22, 2019. However, 19 days still remained on the Defendant's speedy trial clock on January 13, 2020 and 16 days of non-excluded time remain today.

Not including the day triggering the event (11/21/2019), 53 days passed between the time briefing was complete and the Court's ruling on the Defendant's motions. Because 30 days are automatically excludable under § 3161(h)(1)(H) while the motion is actually under advisement, only 23 days are included towards Ms. Foley's speedy trial clock. Therefore, on January 13, 2020, the Defendant had 19 days remaining on her speed trial clock because 28 days non-excluded days already passed between her arraignment and first motion to continue. Like § 3161(h)(1)(D), the Court need not make any predicate findings about the nature of the delay to toll the speedy trial clock while a motion is actually under advisement for a period of 30 days pursuant to § 3161(h)(1)(H), as the provision applies automatically. *Tinklenberg*, 563 U.S. at 665 ("In light of this difference in formulation, we have held that the first six exclusions are " 'automatic,' " apply "regardless of the specifics of the case," and require no district-court findings.").

The Defendant's speedy trial clock restarted on January 14, 2020. From there, two more non-excluded days passed, January 14th-15th. Then, Ms. Foley's speedy trial clock stopped on January 16th upon the Government's motion to set trial dates [Dkt. 150], which was ruled on the same day [Dkt. 152]. § 3161(h)(1)(D). The Court then continued jury selection based on the Defendant's representation that the instant motion would be forthcoming. [Dkt.152]. It is, however, the filing of the motion that tolls the speedy trial clock, which occurred on January 18th, so one more non-excluded day (01/17/2020) applied. The Defendant's motion to dismiss

tolled her speedy trial clock pursuant to § 3161(h)(1)(D) until the Government filed their brief on January 23, 2020 [Dkt. 158]. *United States v. Bolden*, 700 F.2d. 102 (2d. Cir. 1983) (holding that a motion to dismiss under the Speed Trial Act, like any other pretrial motion, automatically triggers a period of excludable time). The remaining time for the Court to rule on this motion falls within the 30 day advisement period as set forth in § 3161(h)(1)(H) and is also excludable.

The Court agrees with the Government's reasoning but disagrees with their calculation. The Government omits January 16, 2020 as an excludable date without explanation. [Dkt. 158 at 8] (using the 27 days from the expiration of the advisement period on 12/22/2019 through the filing of the Defendant's Motion to Dismiss on 01/18/2020). January 16, 2020 is excluded pursuant to § 3161(h)(1)(D) because the Government's motion to set trial dates [Dkt. 150] was pending and then ruled upon [Dkt. 152] that day.

No Speedy Trial Act violation has occurred because the Defendant has <u>16</u> days remaining on her Speedy Trial clock. *See also* Appendix 1 for summary.

### 6th Amendment Analysis

The constitutional requirements of the Sixth Amendment remain a basis to attack pretrial delay, even if a Defendant's statutory rights under the Speed Trial Act were not violated. 18 U.S.C § 3173.

In *Barker v. Wingo*, 407 U.S. 514 (1972), the U.S. Supreme Court set forth a four factor balancing test for courts to determine whether a defendant's Sixth Amendment right to a speedy trial was violated. The four factors are: "[l]ength of

delay, the reason for the delay, the defendant's assertion of [her] right, and prejudice to the defendant." *Id*. at 530. None of these related factors are necessary or sufficient conditions of finding that a defendant was deprived of the right to a speedy trial. *Id*. at 533. In this case, a weighing of the factors demonstrates that the Defendant's constitutional speedy trial rights were not violated either.

A. <u>Length of the delay</u>

To trigger a speedy trial analysis under *Barker*, the defendant must "allege that the interval between accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial" delay, by definition, [s]he cannot complain that the government has denied [her] a "speedy" trial if it has, in fact, prosecuted [her] case with customary promptness." *Doggett v. United States*, 505 U.S. 647, 651–52 (1992). Footnote 1 of *Doggett* explains that lower courts at that time considered post-accusation delay "approach[ing] one year" is presumptively prejudicial for purposes of triggering a *Barker* analysis, conditioned on the relative complexity of the offense. 505 U.S. at 652, n.1. Here, the Defendant was arrested 24 months ago and therefore meets the threshold showing necessary to undertake a *Barker* analysis. *See United States v. Vassell*, 970 F.2d 1162. (*citing* Gregory P.N. Joseph, *Speedy Trial Rights in Application*, 48 Fordham L.Rev. 611, 623 n. 71 (1980)).

The total length of delay in this case is not extraordinary and the Second Circuit has declined to find speedy trial rights violated when other *Barker* factors weigh against the Defendant. For example, in *U.S. v. Ghailani*, 733 F.3d 29 (2d. Cir.

2013), the Second Circuit held that delay of over five years for national security purposes did not violate the defendant's speedy trial rights. *See also, Flowers v. Warden, Connecticut Corr. Inst., Somers*, 853 F.2d 131, 133 (2d Cir. 1988)(surveying Second Circuit cases with delays between 24 months and 6 years where the Court did not find a speedy trial violation).

B. <u>Reason for Delay</u>

*Barker* instructs the Court to consider the type of delay based on three categories. 407 U.S. at 531 First, deliberate delay orchestrated by the government weighs most heavily against the government. *Ibid*. Next is neutral delay resulting from negligence or crowded dockets, but nevertheless weighs in favor the defendant. *Ibid*. The last category, valid delay, is a justification and cannot violate a defendant's speedy trial rights. *Ibid*. Delay attributable to the defendant rarely results in a violation of speedy trial rights. *United States v. Moreno*, 789 F.3d 72, 79 (2d Cir. 2015).

Here, the Defendant has not argued, much less shown, bad faith by the Government, nor is there any claim that the Government was dilatory in their prosecution, or that any actions undertaken by the Government lengthened the delay. Rather, the pre-indictment delay arose from the parties' attempts to negotiate a plea bargain. The first ten months of post-indictment delay are attributable to the Defendant, as the Defendant twice sought continuances to prepare for trial, which included consideration of defense counsel's own unavailability.

The only delay at issue is between jury selection set for November 19, 2019 and jury selection now set for January 28, 2020. "Negligent conduct by the court or the government renders the second factor reason for the delay neutral, at best, where the delay [is] not overly long and there has been no showing of prejudice." *United States v. Bert*, 814 F.3d 70, 80 (2d Cir. 2016)(quotation omitted). In this case, the relatively short timeframe while the Court considered the nuances of the recusal issue cannot be categorized as "negligent conduct," especially where no statutory deadlines were violated, and thus the delay was valid. *Compare to U.S. v. Moss*, 217 F. 3d 426, 431 (6th Cir. 2000)(motion to suppress was under advisement for ten months, Speedy Trial Act violated). Consequently, no portion of the delay can be attributed to or weighed against the Government under the *Barker* factors.

C. <u>Assertion of the Right</u>

The Court finds that the Defendant timely asserted her speedy trial right. However, the relatively limited period of delay and the absence of any delay weighed against the Government for Sixth Amendment purposes militates against finding that the Defendant's speedy trial rights were violated notwithstanding her timely assertion of them.

D. <u>Prejudice</u>

As *Barker* recognizes, excessive pretrial delay can inflict three kinds of cognizable prejudice (i) "oppressive pretrial incarceration," (ii) "anxiety and concern of the accused," and (iii) "the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. The Defendant did not raise any specific claims as to actual

prejudice. Presumptive prejudice "unaccompanied by any particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice." *Doggett*, 505 at 657.

In *Moreno,* the Second Circuit held that a ten-month delay attributable to the government cannot establish a Sixth Amendment violation without a showing compelling circumstance, such as bad faith or actual prejudice. 789 F.3d at 782.

Here, even assuming the two and a half months delay attributable to the pendency of the Defendant's recusal and dismissal motions constitutes "neutral delay," the Defendant has established neither bad faith nor actual prejudice.

## Conclusion

For reasons set forth here, the Court DENIES the Defendant's motion to dismiss because her speedy trial rights under both the Speedy Trial Act and the Sixth Amendment were not violated. Jury selection will proceed as previously ordered on January 28, 2020 at 9:30 A.M. in Courtroom 3, 450 Main Street, Hartford, Connecticut before the Judge Vanessa L. Bryant

      IT IS SO ORDERED.

      _____/s/_____
      Hon. Vanessa L. Bryant
      United States District Judge

Dated this day in Hartford, Connecticut: January 27, 2020