UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO.3:18cr333 (VLB) |
| v. | |
| AMBER FOLEY | July 13, 2020 |

### JOINT COMPETENCY HEARING MEMORANDUM

A competency hearing is scheduled to be held in the above-captioned matter on July 27, 2020. In anticipation of the hearing, and in compliance with the court's previous order for a joint hearing memorandum[1], the parties submit this memorandum to outline the anticipated procedure for the hearing.

A. <u>Procedural Background</u>

1. On January 29, 2020, the defendant's counsel filed a motion for a psychiatric examination of the defendant. Def.'s Mot. for Psych. Exam, [ECF Docket Nos. 168, 175]. The Government consented to the motion. *Id.* The defendant's motion noted that "Ms. Foley may be suffering from a mental disease or defect or other mental condition that renders her mentally incompetent to the extent that she is unable to assist properly in his defense and, more so, that she is unable to make rational decisions and understand the nature and consequences of the options before her." Def.'s

---

[1] On April 16, 2020, the Court ordered the parties to file a Joint Hearing Memorandum on or before May 7, 2020, two weeks before the then-scheduled competency hearing. *See* ECF Docket No. 201. Subsequently, the hearing was continued to July 27, 2020. Although there is no deadline for the joint trial memorandum on the docket, the parties submit this memorandum two-weeks before July 27th hearing.

1

Mot. for Psych. Exam. [ECF Docket Nos. 168] at ¶ 8.  As defendant's counsel subsequently clarified, the requested evaluation arose due to concerns about adjudicative competence and decisional competence.  Doc. 176 at 2-3.

2. The Court ordered a psychiatric examination be conducted pursuant to 18 U.S.C. § 4241(b), and appointed Dr. Madelon Baranoski, Ph.D. and Dr. Howard Zonana, M.D. to conduct the examination of the defendant and file the psychiatric report with the Court to aid in the competency determination.  *See* ECF Docket Nos. 179, 182.

3. On March 19, 2020, Dr. Baranoski and Dr. Zonana submitted their psychiatric report to the Court.  The report is filed under seal.  *See* ECF Docket No. 189.

4. The Court, the Honorable Vanessa L. Bryant, United States District Judge, referred the competency hearing to the Honorable Robert M. Spector, United States Magistrate Judge for a recommended ruling on defendant's competency to stand trial.  *See* ECF Docket No. 198.

5. The competency hearing is scheduled for July 27, 2020 at 10:00.

B. <u>Competency Hearing Procedure</u>

1. The requirement for ensuring a criminal defendant is competent, and the procedures for determining competence, are codified at 18 U.S.C. § 4241 et seq.

2. At the hearing, the defendant "shall be represented by counsel" and "shall be afforded an opportunity to testify, to present evidence, to subpoena

witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c); *see e.g. Cooper v. Oklahoma,* 517 U.S 348, 354 (1996) (The defendant must be afforded effective assistance of counsel, must have the ability to summon, cross examine, and confront witnesses, and maintains the right to testify or remain silent without fear of punishment).

3. In the present matter, the doctors' report sets forth their professional opinion that Ms. Foley is competent.  The parties have requested "a hearing for purposes of making a complete record before the Court renders a competency determination."  Doc. 191 at 2.  As indicated (*see* Doc. 212), Drs. Zonana and Baranoski are available to testify, and it is anticipated the defendant will call both witnesses to supplement the record and produce further evidence on the issue of competency.  The parties do not intend to call any other witnesses, but the defendant retains the right to testify.

C. <u>Competency Hearing – Standard of Review</u>

1. "[A] defendant's competency is a legal question that is properly reserved for the courts.  The two-prong test for competency asks 'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.' *Dusky v. United States*, 362 U.S. 402 […] (1960)[.]" *United States v. Brennan*, 928 F.3d 210, 215–16 (2d Cir. 2019); *see Godinez v. Moran*, 509

U.S. 389, 395-399 (1993) (standard for pleading guilty same as for standing trial); 18 U.S.C. § 4241(a).

2. The standard of proof as to the determination of competence is by a preponderance of evidence.  18 U.S.C. § 4241(d).

3. "In making a determination of competency, the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment." *United States v. Nichols*, 56 F.3d 403, 411 (2d Cir. 1995); *see Brennan, supra*, at 216 ("A medical professional cannot appropriately resolve such legal questions, and a defendant's competence is decidedly the province of the courts."); *cf. Drope v. Missouri*, 420 U.S. 162, 180 (1975) (considering "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant….").

4. .After the hearing, if "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d).

D. <u>Right to Object to Recommended Ruling</u>

1. Upon the Court's recommended ruling regarding competency, any party may seek the district's review of the recommendation.  18 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be

filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut.

E. **Procedures Related to COVID-19**

1. In recognition of the health risks presented by COVID-19, the parties propose the following:

    a. The defendant and her counsel will appear in-person and will wear masks covering their mouths and noses.

    b. The Government's attorneys will also appear in-person and will also wear masks. The Government's case agent will not attend the hearing in-person, but may observe the hearing by Zoom.

    c. As indicated, the anticipated witnesses, Dr. Zonana and Dr. Baranoski, prefer to appear via video conference but will attend in-person if necessary. Doc. 212. As to the latter, the parties propose that the doctors both be present in the courtroom but separated (socially distanced) and wearing face masks. When called to testify, they will continue to wear their masks until situated in the witness stand, only removing the mask while testifying.

**Respectfully submitted,**

**JOHN H. DURHAM
UNITED STATES ATTORNEY**

***/s/ Nancy V. Gifford***
**NANCY V. GIFFORD
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct16324
450 Main Street
Hartford, CT 06103
(860) 947-1101**

***/s/ Maria Del Pilar Gonzalez***
**MARIA DEL PILAR GONZALEZ
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct30716
157 Church Street
New Haven, CT
(203) 821-3700**

***/s/ Todd Bussert***
**Todd Bussert, CT24328
FROST BUSSERT LLC
129 Church Street, Suite 226
New Haven, CT 06510**
tab@frostbussert.com
**(203) 495-9790; Fax: (203) 495-9795**

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

/s/
**NANCY V. GIFFORD**
**ASSISTANT UNITED STATES ATTORNEY**