UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIM. NO.3:18cr333 (VLB) |
| | : | |
| AMBER FOLEY | : | |
| | : | |

### SECOND MOTION TO DISMISS DUE TO SPEEDY TRIAL VIOLATION AND POINTS AND AUTHORITIES IN SUPPORT THEREOF

COMES NOW Amber Foley, by and through undersigned counsel and pursuant to the Sixth Amendment of the United States Constitution, 18 U.S.C. § 3161, et. seq. and Fed. R. Cr. P. 48(b)(3), and hereby moves to dismiss all charges in the instant matter, with prejudice, due to a violation of her speedy trial rights. In support of this request, Ms. Foley offers:

1. Ms. Foley's prior Motion to Dismiss, which the Court denied on January 27, 2020, is hereby incorporated by reference. Doc. 155, 161.

2. Where jury selection occurred on January 28, 2020, the trial dates were terminated in connection with the Court's granting of the undersigned's consent motion for a competency examination. Doc. 170, 172.

3. On March 11, 2020, the District of Connecticut issued the first in a series of orders regarding court operations to account for COVID-19. See http://www.ctd.uscourts.gov/.

4. Accounting for the District's coronavirus-related orders and the need to hold a competency hearing, jury selection was continued to June 16, 2020 and then to September 15, 2020. See Doc. 193, 217; see also Doc. 205 (asserting Ms. Foley's standing demand for a speedy trial), 216 (same).

5. On June 26, 2020, the parties participated in a telephonic conference with the Court (Bryant, J.) during which various measures to ensure a safe and orderly trial were addressed. From Ms. Foley's perspective, the contemplated measures and precautions reasonably and appropriately account for and address potential public health risks. Relative to jury selection, there was discussion about sending notices in mid-July to a larger-than-average group and, once responses were received, distributing questionnaires that the parties could review, thereby minimizing the number of venire persons that need to report for the in-person portion of the selection process. In this

regard, the parties have been working to draft a proposed questionnaire for the Court's review and consideration.

6. As note above and during the June 26 call, Ms. Foley has a strong, unwavering interest in a speedy trial. Although not detained, for more than two years she has resided at the Virginia Wells House as a condition of her release. See Doc. 57, 58.[1] She desires to bring the instant matter to a conclusion and return to the community at-large and her family.

7. Yesterday, another COVID-19 General Order Re: Jury Selections & Trials was issued that directs, inter alia, effectively immediately "All criminal jury trials (and related jury selections) scheduled to commence prior to November 2, 2020, before any district or magistrate judge in any courthouse in the District of Connecticut, shall be continued pending further order of the Court. Judges may schedule criminal jury selections and trials to begin on or after

---

[1] Of note, although Virginia Wells serves as a halfway house for State of Connecticut female offenders returning to the community, because Ms. Foley was not ordered "detained" there, the Bureau of Prisons will not credit any of the time she has resided at the facility against a term of imprisonment to the extent Ms. Foley is convicted of either of the offenses with which she stands charged (both of which carry statutory mandatory minimums). See Reno v. Koray, 515 U.S. 50 (1995).

November 2, 2020 in the hope that circumstances may permit them to proceed safely."  But see United States v. Bert, 814 F.3d 70, 80 (2d Cir. 2016) ("District courts must hold themselves accountable for ensuring their own compliance with the Speedy Trial Act's requirements."); United States v. Pringle, 751 F.2d 419, 429 (1st Cir. 1994) ("Not only must the court police the behavior of the prosecutor and the defense counsel, it must also police itself.  The Act is as much aimed at the delay caused by judicial congestion and mismanagement as it is aimed at the deliberate stalling of counsel. 120 Cong.Rec. 41618 (1974) (statement of Sen. Ervin)."); United States v. Moss, 217 F.3d 426, 432 (6th Cir.2000) ("[T]he purposes of the Act would be thwarted if courts do not adjust their day-to-day procedures to comply with its requirements").

8.   Respectfully and appreciating the interests of ensuring the safety and well being of all involved in a prospective jury trial, there is no basis to continue to deny criminal defendants their right to a speedy trial, especially "[a]s many parts of the country have seen coronavirus cases surge in the past few weeks, Connecticut's numbers remain low.  New data released on Tuesday show 20 new

cases reported in the past 24 hours. There were 2,447 test results reported.  That is a positivity rate of 0.8%." Coronavirus Hospitalizations Decline in Connecticut, Test Positivity Rate Remains Low, NBC CT (July 14, 2020) (available here); see Mark Pazniokas, Spiking COVID rates spare Connecticut, but Lamont wary, the CT Mirror (July 6, 2020) ("The rolling seven-day average of positive COVID-19 cases in Connecticut was less than one percent over the past week, lower than every other state except Vermont") (available here). Indeed, it is reasonable to find that a continuance into the Fall effectively serves as a continuance into mid-2021 given the forecast for a surge in COVID-19 cases later this year.  See Warmer temperatures slow COVID-19 transmission, but not by much, Science Daily (June 1, 2020) ("The Centers for Disease Control and Prevention has stated that the COVID-19 pandemic may worsen in the fall and winter as temperatures drop.") (available here); Jonathan R. Slotkin, How One Health System Is Transforming in Response to Covid-19, Harv. Bus. R. (June 11, 2020) ("many experts are predicting that a second wave of Covid-19 will occur in the late Fall or early Winter of 2020") (available here); Lena Sun, CDC director warns second wave of

<u>coronavirus is likely to be even more devastating</u>, Washington Post (Apr. 21, 2020) ("possibility that the assault of the virus on our nation next winter will actually be even more difficult than the one we just went through")(available [here](#)).

WHEREFORE, in view of the judicially created delay that continues to violate her speedy trial rights, Amber Foley respectfully requests that the instant matter be dismissed, with prejudice. The government objects to this request.

                                              Respectfully submitted,

BY:      */s/ Todd Bussert*
          Todd Bussert, CT24328
          FROST BUSSERT LLC
          350 Orange Street, Suite 100
          New Haven, CT 06511
          (203) 495-9790; Fax: (203) 495-9795
          tab@frostbussert.com

**Attorney for Amber Foley**

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        */s/ Todd Bussert*
                                    Todd A. Bussert