UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 3:18cr333(VLB) |
| : | |
| AMBER FOLEY : | |

### RECOMMENDED RULING ADDRESSING THE DEFENDANT'S COMPETENCY TO STAND TRIAL

On April 8, 2020, United States District Judge Vanessa L. Bryant referred this case to the undersigned to conduct a competency hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d). For the reasons set forth below, the undersigned finds that the defendant is competent to stand trial.

I.   Background

On January 18, 2018, the defendant, Amber Foley, was arrested based on a complaint charging her with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). (Doc. No. 1). The Court (Martinez, J.) released the defendant on bond on January 19, 2018, and, though her conditions of release have changed over time and there have been multiple bond revocation hearings, she has remained released on conditions since that date. (Doc. Nos. 12 and 15). The defendant filed numerous motions to continue the probable cause hearing to allow for more time for the parties to discuss a possible pre-indictment resolution to this case. Although a guilty plea was scheduled to proceed on December 7, 2018, it never went forward. (Doc. No. 77).

On December 19, 2018, a grand jury returned an indictment against the defendant charging her in Count One with production of child pornography, in violation of 18 U.S.C. § 2251(a) and in Count Two with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). (Doc. No. 74). The Court scheduled

1

jury selection for March 29, 2019. (Doc. No. 86). The defendant filed a motion to continue, which the Court granted, moving jury selection to July 16, 2019. (Doc. No. 96). The Court granted a second motion to continue filed by the defendant and moved jury selection first to November 19, 2019 and then to November 25, 2019. (Doc. Nos. 103 and 131).  After the defendant filed a motion seeking to have the district judge recused from the case, the Court terminated jury selection and then, after denying the disqualification motion, rescheduled it for January 28, 2020. (Doc. Nos. 149 and 152).

On January 30, 2020, the Court granted the defendant's motion for a psychiatric examination. In particular, the Court found that there was reasonable cause to order a competency determination pursuant to 18 U.S.C. § 4241(a). (Doc. No. 172). On February 4, 2020 and February 7, 2020, the Court appointed Dr. Madelon Baranoski, a clinical psychologist, and Dr. Howard Zonana, a forensic psychiatrist, to conduct a psychiatric examination and file a psychiatric report to aid in the competency determination. (Doc. Nos. 179 and 182). On March 19, 2020, the Court ordered the psychiatric report to be filed on the docket under seal, and defense counsel filed the report that same day. (Doc. Nos. 188 and 189).

On March 24, 2020, the parties filed a joint motion for a telephonic competency hearing, which the Court denied on March 26, 2020. (Doc. No. 192). Pursuant to the District Court's March 24, 2020 General Order regarding the exigent circumstances created by the COVID-19 public health emergency, the Court scheduled the in-person competency hearing for May 18, 2020 and indicated that jury selection would go forward on June 16, 2020 if the defendant was found competent. (*Id.*)

On April 8, 2020, the Court vacated its scheduling order and referred this case to the undersigned to conduct a competency hearing. (Doc. No. 198). After

considering whether to conduct the competency hearing via audio or video due to the COVID-19 pandemic, the Court acknowledged the government's objection to proceeding remotely and scheduled an in-person competency hearing for May 22, 2020. (Doc. Nos. 202 and 203). On April 30, 2020, the Court postponed the competency hearing to June 15, 2020 because the District Court's new General COVID-19 Order prohibited any in-person criminal proceeding from going forward until after June 15, 2020. (Doc. No. 206; *see also* Doc. 208).

The defendant filed a motion for reconsideration asking the Court to go forward with the competency hearing via audio or video in May 2020, and the Court held a video hearing on May 11, 2020 to consider oral argument on the motion. (Doc. Nos. 205 and 211). On May 19, 2020, the Court issued an order denying the motion for reconsideration and agreeing with the government's argument that the Cares Act did not specifically identify competency hearings as the type of court proceedings that could be conducted by video if the defendant consents and waives the right to be physically present in the courtroom. (Doc. No. 214). Though the Court found that it was not clear that the defendant had a right under Fed. R. Crim. P. 43 to be physically present in a courtroom for a competency hearing, it concluded that it was not comfortable going forward with the hearing by video because the defendant herself did not have access to an electronic device which would allow for her to participate in the hearing by video. (*Id.*). In addition, the Court postponed the in-person hearing to July 27, 2020 to "allay, to some degree, any concerns that the parties and the witnesses have about coming to the courthouse for" the proceeding. (*Id.*) The Court subsequently clarified that it intended to conduct the entire hearing fully in a courtroom and did not plan to use video conferencing for any purpose, including the

testimony of witnesses. (Doc. No. 223). Jury selection has since been postponed to September 15, 2020. (Doc. No. 217).

On July 27, 2020, the Court held the competency hearing. Drs. Baranoski and Zonana both testified. In addition, the Court considered the March 18, 2020 psychiatric report and Dr. Zonana's notes from his July 21, 2020 telephonic interview with the defendant. (*See* Doc. No. 225).[1] Both Dr. Baranoski and Dr. Zonana opined in the March 18, 2020 report and their testimonies that the defendant was competent to stand trial. The government agrees with this conclusion, and defense counsel has taken no position.

II. **Discussion**

A court must declare a criminal defendant incompetent to stand trial if it finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering h[er] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against h[er] or to assist properly in h[er] defense." 18 U.S.C. § 4241(d). For a defendant to be considered competent to stand trial, the defendant "must have (1) 'sufficient present ability to consult with h[er] lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well as factual understanding of the proceedings against h[er].'" *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (per curiam); *United States v. Hemsi*, 901 F.2d 293, 295 (2d Cir. 1990)). In assessing competency, "the district court may rely on a number of

---

[1] At the start of the competency hearing, the parties asked that the Court not mark, as exhibits, the March 18, 2020 psychiatric report and Dr. Zonana's July 21, 2020 notes because those documents were available to the Court as sealed documents on the docket, and the parties were concerned about the necessity of sealing the documents again if they were admitted separately as exhibits. The Court agreed and clarified that it would consider these two documents as if they had been admitted as full exhibits during the hearing.

factors, including medical opinion and the court's observation of the defendant's comportment." *Nichols*, 56 F.3d at 411 (citing *Hemsi*, 901 F.2d at 295). The court reaches a competency determination by a preponderance of the evidence. *United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998) (citing *Nichols*, 56 F.3d at 410 & 418; 18 U.S.C. § 4241(d)).

After reviewing the March 18, 2020 psychiatric report and Dr. Zonana's notes from his and Dr. Baranoski's July 21, 2020 telephone interview with the defendant, and based on a consideration of the credible testimony of Drs. Baranoski and Zonana, the Court concludes that (1) the defendant is not suffering from a mental disease or defect rendering her mentally incompetent; and (2) the defendant is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense. 18 U.S.C. § 4241(d). As both Dr. Baranoski and Dr. Zonana explained, the defendant fully understands terms of the proposed plea agreement, the potential penalties she faces if she is convicted after trial, her various trial rights, the evidence against her and her own view of her culpability in this case. She has consistently articulated rational reasons for proceeding to trial and a rational understanding of the consequences of proceeding to trial, both in terms of the potential penalties and in terms of what she can hope for from a jury's consideration of the evidence. The March 18, 2020 report was quite clear in its conclusion that the defendant is competent to stand trial, and each doctor testified credibly in response to probing questioning that they believed, in their expert opinions, that the defendant is competent to stand trial.

Though defense counsel takes no position as to competence and defers to the Court on the ultimate decision on this issue, he suggests that the Court should apply

the standard of "decisional competence" discussed in an academic article he filed as part of his post-hearing memorandum. Though the Court agrees with the government that the correct standard to apply is articulated in 18 U.S.C. § 4241(d) and by the Second Circuit in *United States v. Nichols*, 56 F.3d 403, it is important to note that, even under the standard advocated by defense counsel, the defendant is competent to stand trial.

As the government points out in its post-hearing memorandum, the evidence presented through the testimony of the witnesses at the competency hearing established that the defendant is making competent decisions. She has been unwilling to accept any plea offered by the government because she wants to fight for custody of, or visitation with, her children and has no interest in being in the community without them. She even indicated that, had the plea offer involved far less jail time, she would have been willing to accept it. Dr. Baranoski explained that the defendant was acting rationally because she believed she might have a better argument against termination of her parental rights if she was sentenced to a low prison term or just probation. That might be an indication that the government did not believe her conduct was very serious. Dr. Baranoski testified that the defendant has the ability to make rational decisions and the fact that she might make a decision that her attorney or the examining doctors might disagree with does not render her incompetent to stand trial. Both doctors explained that the defendant clearly understood the consequences of going to trial, the higher penalties she could face, and the risks of being convicted by a jury. She rationally explained that she was unwilling to plead guilty if it meant admitting to something she did not do and that she was not interested in accepting any plea offer with a long prison term if it meant that

she would not see her children after she was released from prison.

### III. Conclusion

For the reasons set forth above, the undersigned recommends that the defendant be found competent to stand trial.

This is a recommended ruling. *See* FED. R. CIV. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days after filing of such order. *See* D. CONN. L. CIV. R. 72.2(a). Any party receiving notice or an order or recommended ruling from the Clerk by mail shall have five (5) additional days to file any objection.  *See* D. CONN. L. CIV. R. 72.2(a). Failure to file a timely objection will preclude appellate review. *See* 28 U.S.C. §636(b)(1); Rules 6(a) & 72 of the Federal Rules of Civil Procedure; D. CONN. L. CIV. R. 72.2; *Impala v. United States Dept. of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order) (failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); *Small v. Secretary of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (per curiam).

Dated this 27th day of August, 2020 at New Haven, Connecticut.

> /s/ Robert M. Spector
> Robert M. Spector
> United States Magistrate Judge