UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 18-CR-333 (VLB) |
| | : | |
| AMBER FOLEY | : | |
| Defendant | : | October 28, 2020 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

### FINDINGS AND ORDER SEALING JURY VOIR DIRE QUESTIONNAIRE RESPONSES, DKT. [250]

This Court herein articulates its particularized findings and orders sealing certain juror questionnaires completed by venirepersons summoned to serve in this case and considered by the Court in determining which venirepersons should be excused for cause. Under the First Amendment to the United States Constitution and the federal common law, court proceedings and judicial documents are open to public scrutiny. *Press-Enter. Co. v. Superior Court of California, Riverside Cty*., 464 U.S. 501 (1984)(closure to the public of individual *voir dire* for six weeks violated the public's right to access the trial absent particularized findings that the venireperson's privacy interests in specific responses outweighed the public's right to know); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569, (1980)(plurality opinion discussing origins of open criminal trials); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91–92 (2d Cir. 2004)("Numerous federal and state courts have also extended the First Amendment protection provided by *Richmond Newspapers* to particular types of judicial documents, determining that

1

the First Amendment itself, as well as the common law, secures the public's capacity to inspect such records."); *United States v. Antar*, 38 F.3d 1348, 1359–60 (3d Cir.1994) (stating that "the right of access to voir dire examinations encompasses equally the live proceedings and the transcripts which document those proceedings" and observing that "[i]t is access to the content of the proceeding—whether in person, or via some form of documentation—that matters").

A court may seal a judicial document or a portion thereof only where the movant shows sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). When doing so, controlling law codified in D. Conn. L. R. Civ. P 5(e)(3) requires the Court to make "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."

Jury selection in this case proceeded in an unorthodox manner in order to preserve the safety of the public during a pandemic in which District positivity rates were increasing. Counsel proposed and the court compiled questions for jurors to answer in the safety of their homes rather than in open court to avoid overcrowding and potentially harmful exposure to the coronavirus.

The written voir dire questions are a pandemic-related precaution to minimize the number of persons who need to be assembled for jury selection. The questionnaire contains health and case-specific questions. The responses to the

questionnaire contain sensitive information *in passim*, which would have been addressed by the Court at sidebar, and therefore under seal, if voir dire occurred fully in-person. At the onset of jury selection, the Court instructs the venire panel that they may request permission to approach the bench preemptively if they anticipate a response to a question to reveal sensitive information. Because this stage of jury selection was conducted via questionnaire for the safety of the participants and the public at large, members of the venire panel did not have the ability to request a sidebar before submitting their responses.

The jury clerk issued 150 summonses, which were accompanied by an 18-page case specific questionnaire and the District's general COVID-19 jury questionnaire. The responses to the questionnaires address highly sensitive material, including discussion of past instances or allegations of sexual abuse. The responses are voluminous. The Court cannot *sua sponte* partially redact the questionnaires without unreasonably taxing judicial resources given the imminent approach of Ms. Foley's trial date. Moreover, the parties and the Court will make a public record of the responses categorically at the upcoming hearing and the final stage of jury selection will take place in-person. Accordingly, the need to conserve judicial resources and the Defendant's right to a speedy trial are paramount to the limited public interest in disclosure of those portions of the jury questionnaire responses that would not otherwise be subject to a sealing order.

Therefore, the jury questionnaire responses at [Dkt. 250] and any subsequent jury questionnaires received by the Clerk prior to the commencement of the in-person jury selection on November 10, 2020, or such other date as the

Court may order, are ORDERED SEALED. Counsel for the parties shall have access to this filing and any subsequent questionnaires received and docketed, subject to this ORDER.

                                        IT IS SO ORDERED.

                                        _____/s/_____

                                        Hon. Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut: October 28, 2020