UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 18-CR-333 (VLB) |
| | : | |
| AMBER FOLEY | : | |
|     Defendant | : | November 11, 2020 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## ORDER GRANTING GOVERNMENT'S MOTION TO ADJURN JURY SELECTION
### [258]

The Court enters this brief Order in the interest of time, as the venire panel was scheduled to return to the courthouse tomorrow, November 12, 2020. The Court will articulate its reasoning for the continuance and the efforts undertaken to summon a jury more fully in the Court's ruling on Defendant's forthcoming Third Motion to Dismiss the Indictment. Despite every effort being made by the Court, the Court must reluctantly conclude that it is unable to empanel a representative jury from the 200 prospective jurors summoned without jeopardizing the safety of all trial participants, given current escalating pandemic conditions and the inability or reluctance of venirepersons to respond to the Court's order to complete COVID-19 and case-specific questionnaires, appear for in-person jury selection or serve on a jury.

The actual health risk posed by the pandemic is made clear by yesterday's events. The Court summoned twenty venirepersons to appear for the first tranche of jury selection. Only nine appeared. Just before the nine who complied with the

1

summons to appear were to be brought to courtroom 1, the Court was informed that a Court Security Officer ("CSO") who patrolled the building yesterday tested positive for COVID-19. The CSO was last in the building a day earlier and touched every doorknob while on patrol, necessitating evacuating the building for deep cleaning. The Court learned today that another CSO has tested positive for the virus. The Court's law clerk, with whom she works closely, met with the CSOs in preparation for jury selection in this case, including at least one of the CSOs who tested positive for the virus. As a result, the Court's law clerk must undergo isolation and testing. Further, contact tracing is now underway.

For purposes of the Speedy Trial Act, trial "commences" with the voir dire of the jury. *United States v. Fox*, 788 F.2d 905, 908 (2d Cir. 1986)(citations omitted). Here, *voir dire* commenced, at the latest, on October 26, 2020 when the parties first received venirepersons' responses to questions principally drafted by the parties, as this constitutes the court-supervised examination of prospective jurors. See Fed. R. Crim. 24. While the Court dismisses the current venire panel, the Court will reconvene jury selection via questionnaire when conditions in the courthouse and the district present a safe opportunity to proceed with the in-person phase of jury selection. The Court finds that the time period between when voir dire commenced on October 26, 2020 until it reconvenes when questionnaire responses from a new venire pool are docketed, or January 19, 2021,[1] whichever is earlier, to be excluded from Ms. Foley's speedy trial clock because the interests of justice in granting the

---

[1] This is the Court's next jury selection date when a criminal trial may realistically proceed.

2

continuance outweigh the interests of the public and the Defendant in a speedy trial because of the public health risks associated with summoning large groups of prospective jurors who would be required to sit in close proximity to each other during jury selection, and if selected, during trial and deliberations; the reduced ability to obtain an adequate spectrum of prospective jurors as evidenced both by the public's perception of the risks associated with jury service and widespread health conditions that place individuals at risk for severe complications and death from the virus, and the effect of public health recommendations on the availability of counsel, witnesses, and Court staff to be present in the courtroom, including quarantine orders and recommendations.

As the Court has informed the parties, courtroom one is the only courtroom in the Hartford seat of court that is specifically retrofitted to mitigate the risk of contagion to the maximum extent reasonably attainable. As the likelihood that trial participants will meet an infected person increases, we depend on mitigation efforts to prevent contagion. In determining the order in which all criminal trials delayed by the pandemic will proceed, the judges will consider all defendants' custodial status, their length of detention, and other case specific factors, including the likelihood of particularized prejudice from delay.

Unlike defendants who have either contracted COVID-19 or bear a heightened risk of contracting the virus because they are detained, Ms. Foley is at liberty. Ms. Foley, the Government, and the U.S. Probation Office consented to Ms. Foley's placement at the Virginia Wells Transitional Home, at public expense, as an accommodation to her indigency. [Dkt. 57 (Consent Mot. to Mod. Cond. of

Release)](granted by Martinez, J. at [Dkt. 58].[2] Although Ms. Foley has not previously sought modification of the conditions of pre-trial release that placed her at the half-way house, she remains free to do so.

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: November 11, 2020

---

[2] **The Court notes that a Probation Petition for Action on Conditions of Pretrial Release form states that Ms. Foley was made to leave her mother's residence and there were no alternative familial placements at this time. [Dkt. 141].**

4