UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 18-CR-333 (VLB) |
| : | |
| AMBER FOLEY : | |
| Defendant : | May 5, 2021 |
| : | |
| : | |
| : | |
| : | |

## ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE ROBERT M. SPECTOR ON DEFENDANT'S COMPETENCY TO STAND TRIAL PURSUANT TO 18 U.S.C. § 4241(d), Dkt. 231

Magistrate Judge Robert M. Spector recommends a determination that Defendant Amber Foley is competent to stand trial pursuant to 18 U.S.C. § 4241(d). [Dkt. 231]. Neither the Defendant nor the Government object to Magistrate Judge Spector's recommended ruling. After careful review, the Court adopts the recommended ruling and finds Defendant competent to stand trial.

## BACKGROUND

On January 29, 2020, the day after jury selection and before the start of evidence, defense counsel filed a motion for a psychiatric examination of the Defendant for purposes of evaluating her competency to stand trial. [Dkt. 175 (Def. Redacted Mot. for Competency Eval)]. In his motion, Attorney Bussert represented that, based on statements Ms. Foley made to him after jury selection, his observation of changes in her affect, and recent changes in her psychotropic medications, he had a good faith belief that Ms. Foley may be suffering from a

1

mental disorder that affects her ability to assist counsel and to understand the proceedings. [*Id.*].

After a telephonic hearing, the Court granted the Defendant's motion for a psychiatric examination on January 30, 2020. [Dkt. 172]. The Court appointed the clinical psychologist and the forensic psychiatrist requested by defense counsel and ordered that the competency evaluation occur on an outpatient basis over the Government's request that Ms. Foley be held and evaluated at a Bureau of Prisons facility. [Dkts. 179, 189]. The psychiatric report was completed and filed under seal on March 19, 2020. [Dkt. 189 (Sealed Psych. Eval.)]. The Court then referred the case to Magistrate Judge Robert M. Spector to conduct a competency hearing pursuant to 18 U.S.C. § 4247(d) and to issue a recommended ruling on Defendant's competency to stand trial. [Dkt. 198 (Order referring case)].

After hearing the parties' arguments on whether they could proceed by teleconferencing or videoconferencing technology, Magistrate Judge Spector presided over an in-person competency hearing on July 27, 2020. [Dkt. 224 (Min. Entry Competence Hr'g)]. The forensic psychologist and psychiatrist both testified. [Dkt. 225 (Witness List)]. In addition, Magistrate Judge Spector also considered the March 18, 2020 psychiatric report and Dr. Howard Zonana's notes from his July 21, 2020 follow-up telephonic interview with the Defendant. *See* [Dkt. 189 (Sealed Psych. Report)]; [Dkt. 226 (Zonana Sealed Notes)]. Judge Spector issued his recommended ruling on August 27, 2020, finding that Ms. Foley was competent to stand trial. [Dkt. 231 (Recommd. Ruling)].

**During the October 19, 2020 pre-trial conference, the Court indicated that it had reviewed and adopted Magistrate Judge Spector's report and recommendations. [Oct. 19, 2020 Pre-trial Conf. Hr'g Audio at 2:45:03-2:45:28]**

**GOVERNMENT: There's also pending the recommended ruling relating to competency from Judge Spector.**

**COURT: Ok, that's a technical formality. I've made that decision. I'll have to put that on the record.**

### DISCUSSION

**Pursuant to Fed. R. Crim. P. 59(b)(2), the parties had 14 days after being served with a copy of the Recommended Ruling to file their objections. "Failure to object in accordance with this rule waives a party's right to review."** *Id.* **The deadline for objections passed on September 10, 2020 and neither party objected. Notwithstanding the lack of objections, the Court has conducted a careful review of the recommended ruling.**

**The standard for evaluating whether a criminal defendant is competent to stand trial is well established. A court must declare a criminal defendant incompetent to stand trial if it finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering h[er] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against h[er] or to assist properly in h[er] defense." 18 U.S.C. § 4241(d).**

**The two-prong test for competency asks "whether [the defendant] has sufficient present ability to consult with h[er] lawyer with a reasonable degree of**

3

rational understanding—and whether [s]he has a rational as well as factual understanding of the proceedings against h[er]." *Dusky v. United States*, 362 U.S. 402, 402 (1960). In applying this test, "the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment." *United States v. Nichols*, 56 F.3d 403, 411 (2d Cir. 1995).

Here, Magistrate Judge Spector considered the report of Drs. Zonana and Baranoski and summarized its salient findings:

> As both Dr. Baranoski and Dr. Zonana explained, the defendant fully understands terms of the proposed plea agreement, the potential penalties she faces if she is convicted after trial, her various trial rights, the evidence against her and her own view of her culpability in this case. She has consistently articulated rational reasons for proceeding to trial and a rational understanding of the consequences of proceeding to trial, both in terms of the potential penalties and in terms of what she can hope for from a jury's consideration of the evidence. The March 18, 2020 report was quite clear in its conclusion that the defendant is competent to stand trial, and each doctor testified credibly in response to probing questioning that they believed, in their expert opinions, that the defendant is competent to stand trial.

[Dkt. 231 (Recommd. Ruling) at 5].

Magistrate Judge Spector applied the correct legal standard in reviewing the psychiatric report and conducting the competency determination.[1] His conclusions are well reasoned and undisputed.

---

[1] Magistrate Judge Spector noted that defense counsel advanced a "decisional competency" standard discussed in an academic article included with his post hearing memorandum. [Dkt. 231 (Recommd. Ruling) at 5-6]. Magistrate Judge Spector found that, even under an aspirational "decisional competency" standard, Defendant was competent to stand trial because, as Dr. Baranoski testified, Defendant rationally explained her decision to proceed with trial. [*Id.* at 6-7].

## Conclusion

For the reasons stated above, the Court accepts and adopts the recommended ruling [Dkt. 231] and finds by a preponderance of the evidence that Defendant can understand the nature and consequences of the proceedings against her and is able to assist properly in her defense.

IT IS SO ORDERED

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: May 5, 2021